**PROGRESSIVE CASUALTY INSURANCE COMPANY, Plaintiff and Counter-Defendant,**

v.

**Sophie BIEKE d/b/a Sophie's Saloon, Defendant, Counter-Plaintiff and Cross-Plaintiff,**

v.

**MARKETFINDERS, INC., Defendant, Third-Party Plaintiff and Cross-Defendant,**

v.

**Stanley JANOWIAK d/b/a Greater Detroit Agency, Cross-Defendant and Third-Party Defendant.**

**Civ. A. No. 80–60030.**

United States District Court, E.D. Michigan, S.D.

Nov. 14, 1983.

**302**

Linda M. Galbraith, Dice, Sweeney, Sullivan & Feikens, Detroit, Mich., for plaintiff.

Joseph Lloyd, Lloyd, Rutzky & Dodge, Ann Arbor, Mich., for Bieke.

Alan Jay Kaufman, Kaufman, Payton & Kallas, Southfield, Mich., for Marketfinders.

Thomas G. Cardelli, Fox & Fletcher, Southfield, Mich., for Janowiak.

## MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

This matter is before the court on motions for mediation sanctions filed by the defendant Marketfinders, Inc., and by the defendant Stanley Janowiak d/b/a Greater Detroit Agency. For the reasons given below the motions are denied.

Progressive Casualty Insurance Company filed this action seeking a declaration of its rights and liabilities under an insurance policy issued to Sophie Bieke. It also sought damages from its agent Marketfinders, Inc., for breach of duty in failing to carry out its instructions regarding cancellation or payment of policy premiums in connection with the policy issued to Sophie Bieke. Marketfinders in turn filed a claim against Stanley Janowiak who was the local agent who handled the policy.

The liquor liability and insurance policy in question was issued December 29, 1975. The policy was issued for three years and premiums were to be paid annually, in advance. In early December 1976, Progressive decided to terminate its relationship with Marketfinders and instructed Marketfinders to forward premiums or evidence of cancellation for all three year policies which would not expire on their next installment anniversary. Marketfinders obtained a lost policy cancellation release form allegedly signed by Sophie Bieke on December 29, 1976.

In March of 1978, there was an action filed against Sophie Bieke alleging a cause of action under the Michigan Dram Shop Act. It was at this point that Ms. Bieke discovered that the insurance policy had been cancelled and that the parties discovered that the cancellation form had been forged.

The case went to mediation under Local Rule 32. The mediation panel found as follows:

| | |
|---|---|
| Progressive v. Marketfinders | $20,000.00 |
| Marketfinders v. Greater Detroit Agency | $ 5,000.00 |
| Greater Detroit Agency v. Marketfinders | $ 1.00 |

Progressive and Greater Detroit Agency rejected the mediation award. Marketfinders intended to reject the award but failed to file its response within the time provided and was, therefore, deemed to have accepted the award.

The case went to trial. During the proceedings the court ruled as a matter of law that Progressive Casualty Insurance Company could not obtain reimbursement for the $50,000 it was required to pay in settling the action against Sophie Bieke under the Dram Shop Act but was limited to the amount of premiums it would have received had the policy continued. With this restriction the jury returned the following verdict:

| | |
|---|---|
| Progressive v. Marketfinders | $ 3,000.00 |
| Marketfinders v. Greater Detroit Agency | $ 0. |

Greater Detroit Agency's claims against Progressive and Marketfinders were dismissed on directed verdict.

■ Greater Detroit Agency has filed a motion for mediation sanctions against Marketfinders based upon Marketfinders attempted rejection of the mediation award.

Under the Local Court Rules, if Marketfinders had rejected the mediation award, it would be liable to Greater Detroit Agency for actual costs for having failed to obtain a verdict on its claim which was more than 10% greater than the mediation award. However, because Marketfinders failed to reject the award within the required time period, it was deemed to have accepted the award and, having accepted the award, is not liable for costs.

Parties to a mediation must comply with the rules of mediation. If a party must file an objection or an acceptance within a specific amount of time and fails to do so, it must suffer the consequences. The rule states that if "the mediation panel's evaluation is not rejected by any of the parties within 40 days, a judgment shall be entered by the Court in the amount of the award." Clearly, the rule dictates that failure to reject within 40 days will be treated as an acceptance. If the other parties had accepted the mediation award, the court would have entered judgment against Marketfinders in the amount of $20,000. The fact that in this case the failure to reject has worked to the advantage of Marketfinders cannot be a basis for a different application of the rule.

Marketfinders has filed motions for mediation sanctions against both Greater Detroit Agency and Progressive Casualty. With respect to these two motions, the Local Court Rule is as follows:

(c) If the mediation panel's evaluation is unanimous and the defendant accepts the evaluation but the plaintiff rejects it and the matter proceeds to trial, the plaintiff must obtain a verdict in an amount which, when interest on the amount and costs from the date of filing of the complaint to the date of the evaluation are added is more than 10 percent greater than the evaluation in order to avoid the payment of actual costs to the defendant.

Local Court Rule 32.10(c).

■ Greater Detroit Agency rejected an award of $1 and eventually obtained nothing because its claim against Marketfinders was dismissed on a directed verdict. The court is persuaded that $1 is functionally equivalent to an award of $0 and, therefore, declines to assess costs against Greater Detroit Agency for failure to accept the mediation award.

■ Progressive Casualty was awarded $20,000 by the mediation panel out of the $50,000 it claimed as a loss. At trial the court held that Progressive could not obtain the $50,000 sought but was limited to the amount of premiums due which was only $3,000. The jury returned a verdict for Progressive at the maximum amount provided under the instructions. Clearly, Progressive prevailed in this action at trial and it is likely that it would have recovered the entire $50,000 absent the court's ruling. The legal issue as to whether Progressive could recover the entire amount expended under the policy or whether it was limited to the amount of the premiums was not considered by the mediation panel. Between the time of the mediation and the verdict in this case, there was a substantial change in the perceived rules governing recovery as applied to this particular case. The mediation panel never actually mediated the claim that was submitted to the jury on behalf of Progressive. In light of the circumstances, the court declines to assess actual costs against Progressive Casualty for failure to accept the mediation award.

Therefore, the motions for sanctions filed by Greater Detroit Agency and by Marketfinders are denied.

SO ORDERED.